Weygandt, C. J.
 

 In the first of the two cases the Dayton Rubber Manufacturing Company entered into a contract with the International Business Machines Corporation in the year 1926 for the rental of certain machines. , Two paragraphs of the contract read as follows :
 

 “This agreement for the aforementioned equipment shall remain in force for One Year from the date that the machines are installed ready for your use, and Quarterly thereafter unless terminated by us in accordance with the stipulations of this contract, with the exception that the use of the Standard Tabulating and Vertióle Sorting Machines may be terminated by you at the close of any calendar month.
 

 
 *69
 
 “Tabulating Machines, Sorting Machines or Electric Key or Electric Duplicating Key Punches, in addition lo the above, or to replace any you may have in use, •will be furpished you in accordance with the- conditions of this contract at the rates prevailing at the time your order for the same is received. ’ ’
 

 Under the provisions of Section 5546-26, General Code, an excise is “levied on the storage, use, or other consumption in this state of tangible personal property purchased on and after the first day of January, 1936, for storage, use or other consumption in this •state * * *.”
 

 Were the subsequently substituted machines “purchased on and after the first day of January, 1936?”
 

 That they were “purchased” within the meaning of these provisions is answered in the affirmative by the following language of Section 5546-25, General Code:
 

 “ ‘Purchase’ means acquired for a consideration, whether the transaction by which such acquisition was ■effected by a transfer of title, or of possession, or of both, or a license to use or consume * *
 

 But the decisive question is when were the subsequently substituted machines “acquired” by the company. The company contends that this occurred at the time the contract was signed in 1926. But the commissioner insists that the subsequently substituted machines were acquired by the company at the time they were delivered to it, which was after the use tax became effective. The company’s theory is that the original machines were delivered under the original contract before the effective date of the tax and that the status of the substituted machines was exactly the same as that of the originals, inasmuch as the former merely replaced the latter. However, the fallacy of this view is demonstrated clearly by the following reasoning in the opinion in the case of
 
 Kelly-Sgringfield Tire Co.
 
 v.
 
 United States,
 
 81 F. (2d), 533:
 

 
 *70
 
 “Were the buildings, machinery, and other equipment here in question acquired by the appellant after ■ April 6, 1917? That they were contracted for before then is immaterial. The contract was purely executory until it was performed. It was the
 
 performance
 
 and not the
 
 execution
 
 of the contract which constituted the acquirement of the facilities.
 

 “The facilities were ‘acquired’ when the contract was performed and not until then. Many a contract for the purchase of property is executed, but never-performed, and the property is never acquired.”
 

 This court is of the view that the substituted machines were acquired when the company obtained possession of them with the right to use them.
 

 But the company contends further that the substituted machines are not taxable under the provisions of Buie 26 of the Department of Taxation, However, this matter is controlled by statute, and the department is without authority to promulgate a rule inconsistent therewith.
 

 The decision of the Board of Tax Appeals affirming the order of the Tax Commissioner is neither unreasonable nor unlawful.
 

 In the second case the sales tax was paid by the Bemington Band, Inc., on rentals under a contract similar to that in the first case.
 

 The question presented is whether the'tax should have been paid under the provisions of Sections 5546-1 and 5546-2, General Code, which read in part as-follows:
 

 “ ‘Sale’ and ‘selling’ include all transactions where- ‘ by title or possession, or both, of tangible personal, property, is or is to be transferred, or a license to use or consume tangible personal property is granted, for a consideration in any manner, whether absolutely- or conditionally, whether for a price or rental, in money or by exchange or barter, and by any means whatsoever * *
 

 
 *71
 
 As in the first case, the only machines involved are those delivered after the effective date of the tax, and the same reasoning is applicable.
 

 However, the company makes the additional contention that if the statute applies to these transactions, it is unconstitutional for the reason that it is retroactive and impairs the obligation of a contract. But this court does not reach this question, since these transactions are held to have taken place at the time of the delivery of the substituted machines, and this •occurred after the effective date of the sales tax.
 

 The decision of the Board of Tax Appeals affirming the order of the Tax Commissioner is neither unreasonable nor unlawful.
 

 Decisions 'affirmed.
 

 In cause No. 31211, Turner, Matthias, Hart and Stewart, JJ., concur.
 

 Zimmerman and Sohngen, JJ., not participating.
 

 In cause No. 31212, Turner, Matthias, Hart, Sohngen and Stewart, JJ., concur.
 

 Zimmerman, J., not, participating.